
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN COCHRANE, | No.    15-16322 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-01234-WHA |
| v. | |
| OPEN TEXT CORPORATION; OPEN TEXT INC., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

Appellants Open Text Corporation and Open Text, Inc ("Open Text") appeal

the district court's judgment confirming an arbitration award against them and in

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

favor of Appellee Kevin Cochrane, a former employee.  The primary issue below

and on appeal is whether the parties agreed to submit the question of arbitrability

to arbitration.

1. The district court correctly determined that the parties had agreed to

arbitrate arbitrability via incorporation in the employment agreement of the

American Arbitration Association's Rules.  *Brennan v. Opus Bank*, 796 F.3d 1125,

1130 (9th Cir. 2015).  The district court then deferred, as required by that

agreement, to the arbitrator's determination that the amount of variable

compensation fell within his jurisdiction.  *See First Options of Chicago v. Kaplan*,

514 U.S. 938, 944–45 (1995).

2.  Neither the arbitrator's determination that he had jurisdiction to

determine the amount of variable compensation to which Cochrane was entitled

nor the arbitrator's determination of the amount was "completely irrational or

exhibit[ed] a manifest disregard of the law."  *Kyocera Corp. v. Prudential-Bache*

*Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (citations and

quotation marks omitted).  The arbitrator's decisions derived from the language of

contracts signed between the parties and representations Open Text made to

Cochrane.  It therefore does not matter whether this court "might have interpreted

the contract[s]" between Cochrane and Open Text in a different manner. *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009).

The district court's order is **AFFIRMED**.